IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL GRASSO, JR. | CRIMINAL ACTION<br>NO. 17-00436 |

**PAPPERT, J.**                                                                                           **September 1, 2020**

**<u>MEMORANDUM</u>**

Michael Grasso moves for compassionate release. The Court denies the Motion because neither extraordinary reasons nor the 18 U.S.C. § 3553(a) factors warrant Grasso's release.

I

In August of 2017, a grand jury indicted Grasso on twenty-nine counts of mail fraud, eight counts of wire fraud, twenty-two counts of money laundering, six counts of making false statements and one count of aiding and abetting. *See* (Indictment, ECF No. 1). After a bail hearing, Grasso was released pending trial on the conditions that he would submit certain outgoing mail to U.S. Postal Inspectors before distribution and abide by all federal, state and local laws while on release. *See* (Conditions on Release Order, ECF No. 9). Grasso violated both conditions by trying to unlawfully distribute "mailings using short-paid postage" and without submitting the mailings to U.S. Postal Inspectors, (Mot. to Revoke Bail 1, ECF No. 19), so the Court revoked his bail and ordered him remanded into custody. *See* (Order Revoking Bail, ECF No. 27). Grasso eventually pleaded guilty to over twenty counts. *See* (Guilty Plea Agreement ¶ 1, ECF No. 39). And in May of 2019, the Court sentenced him to seventy-eight months' imprisonment. (J. in Crim. Case, ECF No. 64.)

Following the onset of the COVID-19 pandemic, Grasso moved for compassionate release. *See* (First Mot. for Release 1, ECF No. 87). Because Grasso had not exhausted his administrative remedies, the Court denied the motion without prejudice. *See* (Order Den. First Mot. 2, ECF No. 90). Having cured that defect, Grasso now renews his request for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] *See* (Second Mot. for Release, ECF No. 92). His release is warranted, he claims, so that he may return home to care for his elderly mother and escape the COVID-19 pandemic, which he claims to be susceptible to as a sixty-one-year-old inmate. *See* (*id.* at 2). In his earlier motion, Grasso also cited his hypertension and a history of back problems. *See* (First Mot. for Release 1).

## II

A district court may reduce an inmate's sentence as a form of compassionate release only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). But before releasing an inmate a court must also "consider[] the factors set forth in section 3553(a)." *Id.* Relevant factors include the need for the sentence "to promote respect for the law" and "protect the public from further crimes of the defendant." *Id.* § 3553(a)(2)(A), (C).

No extraordinary and compelling reasons warrant Grasso's release. His age—sixty-one—is not enough. *See United States v. Haney*, --- F. Supp. 3d ----, No. 19-CR-541

---

[1] Grasso also asks the Court to convert his prison term to one of home confinement *See* (Second Mot. for Release 1). The Court, however, is powerless to grant that request. Congress has invested the Bureau of Prisons—not the courts—with the discretion to determine whether home confinement is appropriate for a given prisoner. *See United States v. Pettiway*, No. CR 08-129, 2020 WL 3469043, at *2 (E.D. Pa. June 25, 2020) ("Congress did not provide the courts with the authority to release inmates into home confinement . . . ."); *United States v. Rodriguez-Collazo*, No. 14-CR-00378-JMY, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020) (same); *see also United States v. Tapia*, 564 U.S. 319, 331 (2011) (explaining that once "a court sentences a federal offender, the BOP has plenary control" over where the prisoner serves his sentence).

(JSR), 2020 WL 1821988, at *5 (S.D.N.Y. Apr. 13, 2020); 18 U.S.C. § 3582(c)(1)(A)(ii) (offering less demanding standard for certain inmates over seventy); Application Note 1 to U.S.S.G. § 1B1.13 (advising courts to consider the age of the defendant for those who are "at least 65 years old").  Nor does the hypertension (and mild obesity) or back problems he had complained of earlier present an extraordinary and compelling reason for release.  *Cf. United States v. Takewell*, No. CR 3:14-00036, 2020 WL 4043060, at *2–3 (W.D. La. July 17, 2020) (reaching same conclusion for an obese inmate with hypertension); *United States v. Jones*, No. 2:18-CR-137, 2020 WL 3969912, at *4 (N.D. Ind. July 14, 2020) (same for inmate with hypertension and Type II Diabetes).  And though commendable, Grasso's desire to care for his elderly mother does not merit his release.  *See* Application Note 1 to U.S.S.G. § 1B1.13 (limiting relevant family circumstances to death of incapacitation of the caregiver for the inmate's minor child or incapacitation of inmate's spouse or registered partner); *United States v. Henry*, 2020 WL 3791849, at *4 (E.D.N.Y. July 6, 2020) ("Care of parents is not a qualifying basis for release.").  In the end, Grasso is left with what he dubbed the "weird circumstances we all face currently." (First Mot. for Release 2.)  But "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

  Even if extraordinary and compelling reasons did exist, the § 3353(a) factors counsel against releasing Grasso.  His conduct in this case proves his utter lack of respect for the law; he has flouted bail conditions, defied court orders and shown at every turn that, if released, he would quickly resume his decades-long criminal career.

4

As it stands, the only thing protecting the public from Grasso's scams and frauds is his incarceration. In short, the Court cannot release him without undermining the § 3353(a) factors.

    An appropriate Order follows.

                                                BY THE COURT:

                                                ***/s/ Gerald J. Pappert***
                                                GERALD J. PAPPERT, J.